**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DUSTIN HOWLETT,<br><br>　　　Plaintiff,<br><br>v.<br><br>WILLIAM GITTERE, et al.,<br><br>　　　Defendants. | Case No.: 3:23-cv-00405-MMD-CSD<br><br>**SCHEDULING ORDER AND**<br>**DISCOVERY PLAN RE: PRO SE § 1983**<br>**ACTIONS** |

Pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.) 16(b) and Local Rule (LR) 16-1(b), the court enters the following Scheduling Order and Discovery Plan for this case. Therefore, **IT IS HEREBY ORDERED** as follows:

I.　　**GENERAL DISCOVERY REQUIREMENTS**

The parties are now granted leave to serve discovery. Discovery must be completed before **April 9, 2025.**

All disclosures and discovery requests must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). All disclosures and discovery requests, responses, and objections must be signed by the sending attorney or pro se party, with a Rule 26(g)(1) certification that, to the best of the signor's belief formed after a reasonable inquiry: (A) disclosures are complete and correct at the time made; and (B) discovery requests, responses,

1

or objections are consistent with the rules and not frivolous, are not for any improper purpose (such as to harass, cause delay, or needlessly increase costs), and are not unreasonable or unduly burdensome or expensive.

Discovery requests must be served by the parties pursuant to Fed. R. Civ. P. 5. Discovery requests and responses must **not** be filed with the court unless such discovery is submitted in support of or in response to a motion. LR 26-7. All discovery requests must be served **at least 30 days prior to the discovery cut-off deadline**. Any discovery request served thereafter is untimely.

## II. MANDATORY DISCLOSURES

The defendants in prison civil rights cases often hold a disproportionate share of the relevant information and prisoners have limited means and access to discovery. Therefore, the scope of mandatory disclosures required in this case will be broader than that outlined in Fed. R. Civ. P. 26(a). Disclosures required by this Scheduling Order must be in the form prescribed by Fed. R. of Civ. P. 26. Disclosures must be exchanged among the parties but must not be filed with the court.

A.     General Content of Mandatory Disclosures: All parties are required to produce information, items, and documents in their possession or control relevant to their own and other parties' claims and defenses, using the concept of relevance set forth in Rule 26(b)(1). Mandatory Disclosures must include all relevant information that, to the party's or the party's employer's knowledge, pertains to any party's claims or defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information. The parties must also produce all information, items, documents, photographs, and video or audio recordings in their or their employer's possession or control that are relevant to the issues in this case. Disclosures may be made in a redacted form, if necessary, for security or privilege purposes.

B.      Protection from Disclosure: For any undisclosed relevant documents that are alleged to be subject to nondisclosure, the disclosing party must provide the opposing party a security/privilege log describing each withheld document with sufficient particularity to allow the other party to determine whether the document was properly withheld.

C.      Timing of Mandatory Disclosures: If initial disclosures have not already been served, the parties' mandatory disclosures must be served **no later than 30 days from the date of this order** unless disclosures are stayed.

D.      Supplementation: If the parties discover additional information, items, or documents subject to disclosure or responsive to a discovery request at any time, the parties must send it in a supplement to the opposing party. Fed. R. Civ. P. 26(e).

## III.    GENERAL DISCOVERY PROCEDURES

In addition to mandatory disclosures, the following types of discovery may be used to obtain information not included in the mandatory disclosures set forth in this Order. "Party" means each separate plaintiff or defendant.

A.      Interrogatories: An interrogatory is a written question or request for information and "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). No more than **25 interrogatories**, with each subpart being counted as a separate interrogatory, may be sent to any party.

B.      Requests for Production: A request for production is a written request that the opposing party produce documents or electronically stored information, "including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," or a written request that the opposing party produce any designated tangible things. Fed. R. Civ. P. 34(a)(1). No more than **25 requests for production** may be sent to any party.

   C. <u>Requests for Admission</u>: A request for admission is a written request that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "(A) facts, the application of law to fact, or opinions about either; [or] (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). No more than **25 requests for admission** may be sent to any party.

   D. <u>Discovery Responses</u>: Responses to written discovery must be served **within 30 days** after the request is served. Boilerplate objections are disfavored and may be summarily overruled by the court. Responses to document requests must include all documents within the party's care, custody, or control. Fed. R. Civ. P. 34(a)(1); LR 26-7. Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.

  If a party requires additional time to serve responses to discovery requests, the party who requires an extension must meet and confer with the opposing party to attempt to reach a stipulation regarding a new deadline. If a stipulation is reached, the stipulation must be filed with the court, accompanied by a proposed order, identifying the new proposed response deadline. If the parties cannot agree on a new deadline, the party seeking additional time must file a motion to extend the response deadline prior to the expiration of the deadline.

## IV. EXTENSIONS OF DISCOVERY

  An extension of the discovery deadline **will not** be allowed without a showing of good cause. LR 26-3. All motions or stipulations to extend discovery must be received by the court at least **twenty-one (21) days** prior to the expiration of the subject deadline. The motion or stipulation must include:

   A. A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

  B. A specific description of the discovery which remains to be completed;

  C. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

  D. A proposed schedule for the completion of all remaining discovery.

## V. RESOLVING DISCLOSURE AND DISCOVERY DISPUTES:

Discovery motions must be filed and served no later than **fifteen (15) days after the close of discovery,** which is **April 24, 2025.**

  A. <u>Meet and Confer Requirement</u>: Prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. A discovery motion will not be considered unless the movant has made a good-faith effort to meet and confer with the opposing party before filing the motion. In order to comply with the meet and confer requirement, an incarcerated party is required to send a written communication to opposing counsel or party explaining, with specificity, the discovery dispute, and a request to hold a telephonic meet and confer session.

  B. <u>No Initial Court Involvement</u>: The parties should not send notice of their dispute, their discovery requests, responses, objections, or correspondence regarding disputes to the court unless the parties are unable to first work out their differences among themselves. In that event, such items should be included only as exhibits attached to a motion to compel or a response to such a motion.

  C. <u>Contents of Discovery Motion</u>: If the meet and confer efforts are unsuccessful, the party seeking to compel discovery, or a protective order, may file a discovery motion. The motion must include the following: (1) a declaration providing the details and results of the meet-and-confer conference about each disputed discovery request; and (2) the full text of each discovery request and disputed response at issue.

## VI. AMENDED PLEADINGS

Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, must be filed on or before **January 9, 2025.** Any party causing additional parties to be joined or brought into this action must contemporaneously serve a copy of this Order upon the new party or parties.

Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, must comply with LR 15-1, and must be filed and served on or before **January 9, 2025.**

## VII. DISCLOSURE OF EXPERT WITNESSES

The deadline to disclose expert witnesses shall be **February 7, 2025.** Rebuttal expert disclosures shall be made by **March 10, 2025.**

## VIII. DISPOSITIVE MOTIONS

Motions for summary judgment must comply with the requirements of LR 56-1 and must be filed and served no later than **thirty (30) days** after the close of discovery, i.e., by **May 9, 2025.**

## IX. PRETRIAL ORDER

Pursuant to LR 16-3(b), the parties must file a Joint Pretrial Order **thirty (30) days** past the date for filing motions for summary judgment, which is **June 9, 2025.**

In the event dispositive motions are filed, the joint pretrial order must be filed **thirty (30) days** after a decision of the dispositive motions is entered.

## X. MISCELLANEOUS

No motion filed beyond the time limit fixed by this Scheduling Order will be considered by the court unless the court grants an exception for good cause shown.

/ / /

/ / /

6

## XI. CONCLUSION

In sum, the following deadlines for discovery as stated in this order are as follows:

| | |
|---|---|
| Discovery Deadline | **April 9, 2025** |
| Deadline to Serve Discovery | **March 9, 2025** |
| Deadline to Respond to Discovery | **30 days after service** |
| Deadline to Move to Extend Discovery | **March 19, 2025** |
| Deadline to Move to Amend Pleadings | **January 9, 2025** |
| Deadline to File Discovery Motions | **April 24, 2025** |
| Deadline to Disclose Experts | **February 7, 2025** |
| Deadline to Disclose Rebuttal Experts | **March 10, 2025** |
| Dispositive Motion Deadline | **May 9, 2025** |
| Joint Pretrial Order Deadline (or 30 days following the entry of the court's ruling on a dispositive motion) | **June 9, 2025** |

DATED: October 11, 2024.



_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE